IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Pedro Valles,<br>Ruben Cordova-Bermudez,<br><br>    Defendants. | CR 12-0262-TUC-DCB(LAB)<br><br>**REPORT AND RECOMMENDATION** |

The District Court referred this case to the Magistrate Judge for a hearing on Defendant Valles' motion to dismiss or suppress evidence derived from illegal tracking device. (Doc. 139). Defendant Cordova-Bermudez filed a joinder. (Doc. 188). The defendants argue that all evidence acquired as a result of the attachment of the GPS device to Valles' vehicle must be suppressed because it was an illegal search, in violation of the defendants' Fourth Amendment rights.

An evidentiary hearing was held on January 15, 2013. Drug Enforcement Agency (DEA) Special Agent Leander Morris testified.

**Charge:**

Defendants Valles and Cordova-Bermudez are charged by superseding indictment in Count 1 with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, or 50 grams or more of actual methamphetamine, in violation of Title 21 United States Code §§ 841(a)(1),

1  841(b)(1)(B)(vii) and 846.  Cordova-Bermudez alone is charged in Count 2 with possession
2  with intent to distribute 3.5 kilograms of methamphetamine, in violation of Title 21 United
3  States Code §§ 841(a)(1) and 841(b)(1)(A)(viii).

4  **Motion to Suppress Evidence:**

5     The defendants argue that their Fourth Amendment rights were violated when federal
6  agents placed a GPS tracking device on Valles' vehicle without a warrant, while the vehicle
7  was parked in a public parking lot.  The tracking device was affixed to the vehicle on
8  10/26/11. At that time, Ninth Circuit precedent held that installation and use of a vehicle
9  tracking device was not a search or seizure, *U.S. v. McIver*, 186 F.3d 1119, 1126-27 (9th Cir.
10  1999). Defendants argue that because the U.S. Supreme Court had granted certiorari in *U.S.*
11  *v. Jones*, 131 S.Ct. 3064 (2011), the government was on notice that affixing the GPS tracking
12  device without a warrant was a Fourth Amendment violation.  They ask that the evidence
13  obtained as a result of the illegal tracking device be suppressed.

14     The government argues that Agent Morris had a good faith belief, based on binding
15  appellate precedent, that no warrant was needed to attach the GPS track to Valles' vehicle
16  and to monitor the electronic data received from the device.  It relies on *Davis v. U.S.*, 131
17  S.Ct. 2419, 2423-24 (2011) to support its position that suppression is not warranted where
18  agents conduct a search in objectively reasonable reliance on then-existing binding
19  precedent.  Alternatively, it argued during the hearing that the search was reasonable.

20     The court concludes that the agents acted in good faith and complied with then current
21  law, defeating the purpose for suppression.  Evidence obtained from the GPS tracking device
22  and all derivative evidence is admissible at trial in the government's case in chief.

23  **FACTS:**

24     **Leander Morris** -

25     Leander Morris is a Special Agent with the DEA. This investigation was a "spin off" from
26  an investigation being conducted by the DEA in Phoenix, AZ. Agent Morris used a federal
27  geo-locater warrant to identify Cordova-Bermudez as the possessor of an intercepted phone
28  number, which was suspected of being used to conduct drug trafficking transactions.  The

- 2 -

1  geo-locater led agents to Valles' home in Phoenix, where agents identified Valles' pickup
2  truck. Surveillance was initiated and agents followed the truck to the Traveler's Inn parking
3  lot, which is open to the public.

4  Agent Morris placed a GPS tracking device on Valles' truck on 10/26/11 at about 6:00
5  a.m. which allowed Agent Morris to track the truck's location on his computer, in
6  conjunction with physical surveillance by other agents. The truck was tracked until about
7  5:30 a.m. on 10/27/11. At that time, Agent Morris removed the tracker to replace the battery,
8  but when he re-attached it to the truck, the device failed to function. Agent Morris testified
9  that he was not aware that any relevant issue was pending review by the Supreme Court. It
10 wasn't until January, 2013 that he was advised that a warrant was needed to affix a GPS
11 tracking device to a vehicle.

## DISCUSSION:

The Fourth Amendment provides that people have the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and that a warrant shall issue only based on probable cause pursuant to a sworn affirmation that particularly describes the place to be searched. U.S. Const., Am. IV. In *U.S. v. Jones*, the Supreme Court held that attaching the GPS tracking device to the defendant's vehicle and the subsequent monitoring of the vehicle's movements on public streets was a search because the government obtained information by physically intruding on an area protected by the Fourth Amendment. *Jones*, 132 S.Ct. 945, 951 (Jan. 23, 2012).

At the time the government affixed the GPS device to Valles' truck, Ninth Circuit precedent held that a GPS tracking device attached to the undercarriage of a vehicle was not a search or seizure within the meaning of the Fourth Amendment. *U.S. v. McIver*, 186 F.3d 1119, 1127 (9th Cir. 1999). Because Agent Morris reasonably relied on binding appellate precedent, the exclusionary rule does not apply. *Davis v. U.S.*, 131 S.Ct. 2419 (2011).

The exclusionary rule is not included in the Fourth Amendment and is not a personal constitutional right. *Id*. at 2426. It is a doctrine created by the Supreme Court to deter law enforcement officers from future Fourth Amendment violations. *Id*. It is unwarranted where

it will not result in "appreciable deterrence." *Id*. There is a good-faith exception to the exclusionary rule where a search is conducted in reasonable reliance on binding appellate precedent because excluding the evidence will not deter police misconduct and does not outweigh the substantial social cost of requiring the court to ignore reliable, trustworthy evidence that bears on the defendant's guilt or innocence. *Id*. at 2426-27.

In the present case, Agent Morris' reliance on then-binding appellate precedent when he affixed the GPS tracking device to Valles' truck was objectively reasonable. Although his conduct was subsequently held to be a search and seizure for purposes of the Fourth Amendment, excluding the evidence would have no deterrent affect on future law enforcement action, which is the sole purpose of the exclusionary rule.

**RECOMMENDATION:**

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court **DENY** the motion to suppress evidence.

Defense counsel may serve and file written objections within 14 days. If objections are not timely filed, the parties' right to de novo review may be waived. No reply shall be filed unless leave is granted from the District Court.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all parties.

DATED this 23rd day of January, 2013.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge