WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

United States of America,

    Plaintiff,

v.

Pedro Valles, Ruben Cordova-Bermudez,

    Defendants,

CR 12-262 TUC DCB (LAB)

**O R D E R**

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court and denies Defendant's Motion to Suppress Evidence Re: Illegal Tracking Device. (Doc. 199.)

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court and denies Defendant's Motion to Suppress Evidence Re: Illegal Wiretaps. (Doc. 200.)

## MAGISTRATE JUDGE'S RECOMMENDATION

On January 30, 2013, Magistrate Judge Leslie A. Bowman issued a R&R in regard to Defendant Valles' Motion to Suppress Evidence Derived from Illegal Tracking Device (Doc. 139). Magistrate Judge Bowman found that at the time the tracking device was attached to the Defendant's vehicle it was not considered a search and seizure within the meaning of the Fourth Amendment. (R&R (Doc. 199) at 3 (citing *United States v. McIver*, 186 F.3d 1119, 1127 (9th Cir. 1999). Subsequently, the Supreme Court ruled in *United States v. Jones*, 131 S. Ct. 3064 (2011), that attaching a GPS device and monitoring a vehicle's movements implicates the Fourth Amendment. *Id.* The Magistrate Judge, nevertheless, found the exclusionary rule does not apply under the good faith exception because the agent reasonably relied on binding Ninth

Circuit precedent when he attached the device. *Id*. at 3-4 (citing *Davis v. United States*, 131 S. Ct. 2419 (2011); *McIver*, 186 F.3d at 1123-24, 1127). She recommended the Court deny the Motion to Suppress Evidence derived from the GPS tracking device.

On January 30, 2013, Magistrate Judge Leslie A. Bowman issued a second R&R in which she recommended the Court deny the Defendant's Motion to Suppress Evidence Derived from Illegal Wiretaps and Request for *Franks* Hearing (Doc. 138). She found no fault with the showing of necessity required for authorizing the wiretap, and she found the Defendants did not make a substantial showing of any falsehood or material omission in the affidavit supporting the wiretap.

The Defendant Valles objects to both R&Rs. As he did in the motions, the Defendant Cordova-Bermudez joins in the objections. The Government has filed Responses to the Objections.

## STANDARD OF REVIEW AND CONCLUSION

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501

F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The Court has considered the objections filed by the Defendant Valles, the Government's Response, the parties' briefs considered by the Magistrate Judge on the Motion to Suppress in respect to the objections, and the transcript from the motions hearing.

## OBJECTIONS

1. <u>Motion to Suppress Evidence Derived for Illegal Tracking Device.</u>

Defendant Valles argues that the good faith exception does not apply because the precedent at issue must actually be settled and binding, and must affirmatively authorize the conduct at issue. (Objection (Doc. 215) at 3 (citing *Davis*, 131 S. Ct. at 2423-24, 2429)). The burden is on the Government to prove the exception applies. *Id.* (citations omitted).

Here, the Defendant argues the Government attached the GPS device to the Defendant's vehicle without probable cause or reasonable suspicion. He argues that Ninth Circuit precedent pre-Jones, *United States v. Pineda-Moreno*, 591 F.3d 1212 (2010); *McIver*, 186 F.3d at 1123-24, authorizing a GPS device to be attached to a citizen's vehicle and tracking it, involved facts where the citizen-defendant was the subject of a criminal investigation. The Defendant argues there is no legal precedent for allowing a GPS tracking device to be attached to a citizen's car without some type of reasonable suspicion or probable cause. The Defendant asserts he was not under investigation. The Defendant challenges the R&R because it failed to address whether the Government proved that officers were permitted, pre-*Jones*, to attach tracking devices to any person's vehicle at any time, without any reason. (Objection (Doc. 215) at 5.)

The Court rejects the Defendants' argument because it is without merit. Pre-*Jones*, the law in the Ninth Circuit was clear that agents could use tracking devices as a substitute for following a car on a public street and that tracking devices simply did not intrude into a constitutionally protected area. *Pineda-Moreno*, 591 F.3d at 1216 (citations omitted). The Court has reviewed the transcript of record and finds it reflects the following: the Tucson

- 3 -

agents initiated an investigation as a spin-off from a Phoenix investigation that intercepted a Tucson telephone number, which agents linked to Codefendant Cordova-Bermudez. While investigating Cordova-Bermudez, agents conducted surveillance on October 21, 2011, of a residence in Phoenix and observed a green-tan Dodge Ram pickup truck. Both were traced back to Defendant Valles; the truck was registered to him, and the residence's utilities were in his name. On October 26, 2011, the geo-locator for Codefendant Cordova-Bermudez reflected he had returned to Phoenix. Agents traveled to Phoenix and located Cordova-Bermudez at a Travelers Inn. Agents saw the green-tan Dodge Ram pickup, which they had seen previously during the October 21-surveillance. They placed a mobile tracking device on the undercarriage of the pickup while it was parked in the public parking area of the Travelers Inn. (Hearing Transcript of Record (TR), January 15, 2013, at 9-10.) Thereafter, the agents tracked the pickup truck by computer and physically followed it while it traveled around and its occupants, including both Defendants, engaged in suspicious activities. *Id.* at 25.

On cross-examination, the agent admitted that at the time he placed the GPS tracking device on Defendant Valles' pickup, he was not a "suspect" and Cordova-Bermudez, who was a suspect, was not seen driving Valles' pickup truck until after the tracking device was attached in the Travelers Inn parking lot. *Id.* at 37. The Agent admitted that the GPS device was placed on Valles' pickup truck because it was seen at the residence where Codefendant Cordova-Bermudez had been observed on October 21, 2011, *id.* at 38.

The Court finds that Magistrate Judge Bowman correctly applied the good-faith exception to the exclusionary rule. Pre-*Jones*, in the Ninth Circuit, agents were free to attach a tracking device to a vehicle to the same extent they may physically follow a person on the public streets. Clearly, agents were free to and did physically observe and follow Defendant Valles' pickup truck on October 26, 2011. Whether Defendant Valles was a suspect does not matter, attaching the tracking device was as objectively reasonable as following the vehicle. This is not, as Defendants suggest, a case where agents attached a GPS tracking device, randomly and arbitrarily, to just any person's vehicle at any time,

- 4 -

without any reason. Agents attached the GPS tracking device as an investigative technique for purposes of conducting a legitimate criminal investigation.

2. Motion to Suppress Evidence Derived from Illegal Wiretap

The Defendants assert the Fourth Amendment was violated because the wiretap affidavit by Agent Morris, signed on October 18, 2011, falsely asserted that normal investigative techniques had been exhausted prior to seeking authorization for the wiretap. The Defendants assert that many of the "eleven" techniques allegedly employed were techniques used in another investigation in Phoenix. Defendants complain that the Government attempts to bootstrap the necessity for a wiretap in the Phoenix investigation. (Objection (Doc. 216) at 5-6 (citing *United States v. Gonzalez*, 412 F.3d 1102 (9th Cir. 2005) (showing of necessity for one application does not transfer to another application, even within the same investigation)). The Defendants do not challenge the probable cause determination for the wiretap.

The Defendants challenge the truthfulness of factual statements contained in Agent Morris' affidavit because they are contrary to assertions made by Agent Taylor in his affidavit, signed on August 23, 2011, in support of an application for a cellular geo-location data Order aimed at Codefendant Cordova-Bermudez' cellular telephone and conflict with supporting statements made by Agent Taylor on September 20 and October 19 for extensions of the geo-location data Order.

The Defendants assert that a *Franks* hearing must be conducted because it has made a substantial preliminary showing of intentional and recklessly false statements and omissions which were material to the finding of necessity.

The Court rejects the Defendant's argument that the Government bootstrapped the Phoenix investigatory techniques to their wiretap affidavit because the Tucson investigation was minimal and had used very limited investigatory techniques prior to asking for the wiretap on October 18, 2011. Consequently, the Government could not overcome the presumption against wiretaps; wiretaps are a very intrusive investigative tool. (R&R (Doc. 200) at 5) (citation omitted). Instead of the asserted eleven investigatory tools, Tucson

agents had only conducted the following: 1) four days of surveillance; 2) obtained ownership information for five vehicles; 3) obtained addresses for four homes; 4) conducted a traffic stop of one vehicle; 5) obtained toll records for the target phone; 6) obtained geo-locator data from the target phone, and 7) obtained telephone subscriber information for the target phone.

The Court finds the Defendant has cherry-picked the record. For example, he ignores information in the Morris affidavit reflecting nine separate dates when surveillance was conducted at various locations all of which were in Tucson or Rio Rico. The affidavit reflects that while the Tucson investigation was a spinoff from Phoenix, the Tucson investigation had been underway for approximately four months, since July. Agents had physically followed suspects, conducted vehicle stops, and discovered and identified multiple suspects in Tucson. The Magistrate Judge accurately concluded that the affidavit accurately reflected the "wiretap was not the initial step in the [Tucson] investigation." (R&R (Doc. 200) at 6.)

More importantly, the Tucson investigation had led agents to believe that there was a separate and independent criminal operation in Tucson, which was working with the group operating in Phoenix. The representations in the Morris affidavit regarding the need for the wiretap must be considered in the context of the goals and objectives of the investigation, which were to investigate a conspiracy including: 1) identifying multiple members; 2) identifying the manner, scope, and extent of the criminal enterprise; 3) stash houses, multiple means of transportation and manner of distribution; 4) the full extent of the enterprise as it affected interstate and foreign commerce, and locating cash proceeds from the sale of controlled substances, including money laundering. *Id.* at 3-4. It was not false for Agent Morris to represent that traditional means of investigation would not be adequate for this investigation. "In a case such as the present case, involving a large-scale conspiracy, the Ninth Circuit has upheld a finding of necessity where the traditional methods of investigation will lead only to the arrest and prosecution of the main

- 6 -

conspirators, but not to other related or subordinate conspirators. *Id.* at 6 (citing *United States v. McGuire*, 307 F.3d 1192, 1196-97 (9th cir. 2002)).

The Court agrees with the Magistrate Judge, "The government sufficiently proved and the district court judge properly made a finding of necessity to issue the order for the wiretap." *Id.* The Court agrees with the Magistrate Judge that the Defendants have not met their burden of proving that Agent Morris' affidavit contains any deliberate falsehoods, any statements indicating a reckless disregard for the truth, or any material omission. The differences between the affidavit supporting the wiretap authorization and the affidavit supporting the geo-locator data Order and renewal applications are attributed to their differing contexts and purposes.

## CONCLUSION

After *de novo* review of the issues raised in Defendants' objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the pending Motions to Suppress. The Court adopts the R&Rs, and for the reasons stated in the R&Rs, the Court denies Defendant Valles' Motions to Suppress Evidence, in which Defendant Cordova-Bermudez joins.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendants' objections, the Magistrate Judge's Report and Recommendations (Docs. 199 and 200) are accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motions to Suppress (Doc. 138 and 139), which were joined by Defendant Cordova-Bermudez, are DENIED.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Leslie A. Bowman for all pretrial proceedings and Report and Recommendation in

/////

/////

1 | accordance with the provisions of 28 U.S.C. § 636(b)(1) and the Rules of Practice for the
2 | United States District Court, District of Arizona (Local Rules), Rule (Criminal) 58.2.
3 |     DATED this 1st day of May, 2013.

David C. Bury<br>
United States District Judge